38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary J. BRISCOE; Sylvia Neville, Plaintiffs-Appellants,
v.
P.F. DIANGELO, et al., Defendants-Appellees.
 No. 93-4234.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1994.
 
 Before: KEITH, WELLFORD and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Mary J. Briscoe and Sylvia Neville, pro se Ohio plaintiffs, appeal a district court order granting summary judgment for the defendants on their amended civil complaint brought pursuant to 42 U.S.C. Secs. 1983 and 1985(3), and state tort law. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Briscoe (aka and hereinafter referred to as "Meeks") and Neville were arrested and charged with drug trafficking, drug abuse, and possession of drug paraphernalia following the execution of a search warrant in October 1991. The house in Ashtabula, Ohio, that was the target of the search belonged to Cheryl Stecki, who was also arrested during the raid. Criminal charges against the plaintiffs were eventually dropped when Stecki, who pleaded guilty to misdemeanor drug charges, failed to provide expected testimony. In a civil complaint, originally filed in state court and removed by the defendants to federal court, Meeks and Neville alleged that the defendant police officers violated their Fourth and Fourteenth Amendment rights to be free of unreasonable searches and seizures, conspired to deprive them of their equal protection rights because of their race (African-American), used perjured testimony, and committed various state torts in connection with their arrest. In addition, Meeks claimed that defendant DiAngelo used excessive force while handcuffing her, and that a Rolex watch and diamond earring belonging to her were seized by police and have not been returned. Finally, the plaintiffs sought to hold the city of Ashtabula liable for gross negligence in selecting, training, and supervising the defendant police officers. Meeks and Neville sought compensatory damages in "an amount greater than $25,000" from each defendant, jointly and severally, and an undetermined amount of punitive damages.
 
 
 3
 The district court granted the defendants' motion for summary judgment as to all claims except the replevin claim in an opinion and order filed on October 12, 1993. Meeks's replevin claim was dismissed without prejudice to her filing an action for the return of her jewelry in state court.
 
 
 4
 Judge John J. Manos, in a thorough eleven page opinion, dealt with all the issues raised by plaintiffs. Upon a review of the record, we are satisfied that the district court committed no error in its consideration and decision on the legal issues involved. We are also satisfied that there was no genuine issue as to any material fact and that the case was appropriate for summary judgment in favor of defendants under Fed.R.Civ.P. 56.
 
 
 5
 For the reasons stated in the district court's memorandum opinion issued October 12, 1993, we AFFIRM the judgment entered for defendants. Accordingly, the appellees' request for oral argument is DENIED. Rule 9(b)(3), Rules of the Sixth Circuit.